IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | | |
|---|---|---|---|
| BOBBY LEON WYNN, | : | | |
| | : | | |
| Petitioner, | : | | |
| | : | | |
| v. | : | No. 5:12-cv-517 (MTT) (CHW) | |
| | : | | |
| Sheriff DAVID DAVIS, | : | Proceedings under 28 U.S.C. § 2241 | |
| | : | Before the U.S. Magistrate Judge | |
| Respondent. | : | | |
| | : | | |

## RECOMMENDATION

Now before the Court is a Motion to Dismiss filed by Respondent, David Davis. (Doc. 23). Also pending is a motion for subpoena filed by Petitioner, Bobby Leon Wynn. (Doc. 33). In accordance with the analysis below, it is **RECOMMENDED** that Respondent's Motion be **GRANTED** and that Petitioner's Motion be **DENIED** as **MOOT**.

## BACKGROUND

The instant habeas petition concerns two separate Bibb County criminal cases. One of those cases terminated in Petitioner's favor in April 2014.[1] In that case, case no. 12-cr-68503, Petitioner was charged with armed robbery. (Doc. 23-4, p. 1). In the other case, case no. 9-cr-64860, Petitioner pleaded guilty to possession of a firearm by a convicted felon, for which he was sentenced to five years, three to be served through incarceration and two to be served on probation. (Doc. 23-3, p. 6). Petitioner entered his guilty plea in case no. 9-cr-64860 on December 7, 2009. (*Id.*).

---

[1] The Court may take judicial notice of the disposition of case no. 12-cr-68503. *See* F.R.E 201; *see also Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (citing *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003)) ("Public records are among the permissible facts that a district court may consider"). The relevant records may be obtained using the Bibb County Superior Court Clerk's webside, located at: https://bibbclerkindexsearch.com/external/User/Login.aspx?ReturnUrl=%2fexternal%2findex.aspx.

## CUSTODY REQUIREMENT

In order to seek federal habeas relief, a petitioner must be "in custody." *See, e.g., Maleng v. Cook*, 490 U.S. 488, 491 (1989) (citing 28 U.S.C. § 2241(c)). At the time he filed the instant petition, Petitioner was a pre-trial detainee regarding case no. 12-cr-68503. While pre-trial detention satisfies the custody requirement, *see, e.g., Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003), Bibb County public records show that case no. 12-cr-68503 has terminated in Petitioner's favor, and it is now clear that Petitioner is no longer "in custody" regarding case no. 12-cr-68503. Because the custody requirement is a jurisdictional prerequisite to federal habeas relief, it is recommended that Petitioner's claims regarding case no. 12-cr-68503 be dismissed as moot. It is likewise recommended that Petitioner's Motion for Subpoena (Doc. 33) and his request for removal under 28 U.S.C. § 1443 be dismissed as moot.

## TIMELINESS

While Petitioner satisfies the custody requirement regarding case no. 9-cr-64860,[2] Petitioner's claims regarding that case are subject to the requirements of 28 U.S.C. § 2254. *See,*

---

[2] The facts in case no. 9-cr-64860, as presented by the State at Petitioner's guilty-plea hearing, are as follows:

> On February the 1st of 2009, the Bibb County Sheriff's Office received a call regarding a domestic dispute at Columbus Road and Ivy Drive. The complainant, Jimmy Nettles, stated that he and his wife were driving down the road in that area with his children in the car, and they observed the defendant attacking a female on the ground beside a vehicle that had pulled off beside the road.
>
> Mr. Nettles stopped to help the female. When he got out of his vehicle and began to approach them, the defendant pulled a handgun and pointed it at him. Mr. Nettles immediately ran back to his vehicle, got in it and left, contacting the Bibb County Sheriff's Office, informing them what had just happened.
>
> Upon Bibb County Sheriff's deputies arriving at the scene . . . one of the deputies observed the defendant holding [a] handgun in his right hand. The defendant dropped the handgun to the ground and attempted to kick it under the car when the deputy drove up.

(Doc. 23-5, p. 15)

Petitioner was previously convicted of grand larceny by the Ontario County Court of New York. (Doc. 23-5, pp. 6, 24-27).

*e.g., Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982) ("In the context of habeas proceedings, the 'in custody' requirement may . . . be met where a petitioner is on probation"); *see also Thomas v. Crosby*, 371 F.3d 782, 787 ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition. "If the terms of § 2254 apply to a state habeas petitioner . . . then we must apply its requirements to him"). Among those requirements is a one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides, in relevant part:

> a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A)

AEDPA further provides that the time during which a properly filed application for State post-conviction or other collateral review is pending shall not be counted toward the limitations period. 28 U.S.C. § 2244(d)(2).

The record in this case indicates that Petitioner pled guilty in case no. 09-cr-64860-01 on December 7, 2009, and that Petitioner filed no direct appeal. (Doc. 23-1, pp. 5-6). Therefore, pursuant to O.C.G.A. § 5-6-38, Petitioner's conviction became "final" 30 days later, on January 6, 2010, over two years before Petitioner filed both his state habeas petition in September 2012, and the instant federal habeas petition in December 2012. Accordingly, Petitioner's habeas claims regarding case no. 9-cr-64860 are clearly untimely.

Petitioner's response to Respondent's timeliness argument focused on the availability of an out-of-time appeal under Georgia law, (Doc. 29, pp. 4-5), but there is no indication that the state courts actually reopened direct review regarding case no. 9-cr-64860, and accordingly,

there is no basis to overlook Petitioner's untimeliness. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) ("a state court's reopening of direct review will reset the limitations period"). Petitioner did not expressly request equitable tolling of the limitations period, and nothing in the record suggests that equitable tolling is warranted. *See, e.g., Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002) (noting that equitable tolling is "typically applied sparingly,' and that it is normally appropriate only where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence"). Therefore, it is recommended that Petitioner's habeas claims regarding case no. 9-cr-64860 be dismissed as untimely.

## CONCLUSION

After careful review of the record, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 23) be **GRANTED**, that Petitioner's Motion for Subpoena (Doc. 33) be **DISMISSED as MOOT**, and that the instant habeas petition be **DISMISSED**.

Pursuant to the requirements of Rule 11 of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within <u>fourteen (14) days</u> after being served with a copy thereof.

**SO RECOMMENDED**, this 23rd day of May, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge